IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-759-FDW-DCK

| | |
|---|---|
| DEVANTE SHAQUILLE FINCHER, | ) |
| Plaintiff, | ) ) ) **ORDER** |
| v. | ) ) ) |
| ADVOCATE HEALTH, | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Seal" (Document No. 5) filed September 16, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion without prejudice.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1   SEALED FILINGS AND PUBLIC ACCESS.**

**(a)**  *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)**  *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)**  *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion,

separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

Here, *pro se* Plaintiff has filed a one sentence statement that the Court has construed as a "Motion To Seal." (Document No. 5). Plaintiff states that he "request[s] to file a motion to seal [his] documents in regards to this case...." Id. However, it is unclear what documents or information Plaintiff seeks to seal. Id. Plaintiff's filing does not comply with LCvR 6.1, set forth above.

Based on the foregoing, the undersigned will deny Plaintiff's motion without prejudice to Plaintiff filing a revised motion that complies with LCvR 6.1. Plaintiff should specifically identify which documents Plaintiff seeks to seal and why they should be sealed. The Court is unlikely to seal this entire case but may allow the sealing or redaction of certain documents.

**IT IS, THEREFORE, ORDERED** that the "Motion to Seal" (Document No. 5) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: September 16, 2024

David C. Keesler
United States Magistrate Judge