# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-759-FDW-DCK

| | | |
|---|---|---|
| DEVANTE SHAQUILLE FINCHER, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ADVOCATE HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's second "Motion To Seal" (Document No. 8) filed October 28, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed,

pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

The undersigned notes that Fed.R.Civ.P. 5.2(a) *requires* redaction of an individual's full "social-security number and taxpayer-identification number," birth date, name if the individual is known to be a minor, and "financial-account number." Rule 5.2(e) enables a court to order, "[f]or good cause," the redaction of additional material beyond the categories of information enumerated in Rule 5.2(a). However, a person waives the protection of Rule 5.2(a) by filing their own information without redaction and not under seal. Fed.R.Civ.P. 5.2(h). The Advisory Committee Notes for Rule 5.2 provide that a person may seek relief from the court if he files an unredacted identifier by mistake. Advisory Committee Note 5.2(h) (2007).

In this case, *pro se* Plaintiff's revised motion seeks leave "to file a motion to seal my telephone number, email address and my home address in this case as I have received emails as well as telephone calls in regards to this case." (Document No. 8). It appears that the only document that includes the information Plaintiff seeks to protect is the Complaint (Document No. 1). Plaintiff filed the Complaint without redaction and without sealing on August 21, 2024.

The undersigned previously advised that "[t]he Court is unlikely to seal this entire case but may allow the sealing or redaction of certain documents." (Document No. 6). Under the circumstances of this case, the undersigned will allow Plaintiff's Complaint to be sealed; however,

Plaintiff must promptly file a redacted version of the Complaint that **only redacts his email address and telephone number**. At this time, the undersigned is not persuaded that there is good cause to seal Plaintiff's mailing address or any other information.

      **IT IS, THEREFORE, ORDERED** that the "Motion to Seal" (Document No. 8) is **GRANTED**. Document No. 1 shall be **SEALED** and remain under **SEAL** until otherwise ordered by the Court.

      **IT IS FURTHER ORDERED** that Plaintiff shall file a redacted version of the Complaint, as directed herein, on or before **November 8, 2024**.

      **SO ORDERED**.

Signed: October 31, 2024

David C. Keesler
United States Magistrate Judge