UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00759-FDW-DCK

| | |
|---|---|
| DEVANTE SHAQUILLE FINCHER, | ) |
| Plaintiff, | ) |
| v. | ) **NOTICE AND ORDER** |
| ADVOCATE HEALTH, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Default, (Doc. No. 24), Plaintiff's Motion for Extension of Time for Service of Process, (Doc. No. 23), and Defendant's Motion to Dismiss (Doc. No. 21.) For the reasons set forth below, Plaintiff's Motion for Entry of Default is DENIED, and Plaintiff's Motion for Extension of Time for Service of Process is GRANTED. The Court DEFERS ruling on Defendant's Motion to Dismiss.

**A.  Default**

Plaintiff seeks entry of default against Defendant under Federal Rule of Civil Procedure 55, claiming "[t]he defendant has failed to respond in a timely manner as well as the defendant has failed to properly respond directly to the summons/complaints with a direct response/answer." (Doc. No. 24, p. 1.) Under Rule 55(a), the Clerk must enter default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "[A]ny required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a). Further,

> where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of

1

> allowing cases to be tried on the merits. In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate where there has been a clear record of delay or contumacious conduct.

Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) (internal quotation marks and citations omitted) (cited in 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2682 (3d ed. 2006)).

Plaintiff filed his Amended Complaint—the operative Complaint in this case—on November 21, 2024. (Doc. No 18.) Defendant responded by filing a Motion to Dismiss four days later, on November 25, 2024. (Doc. No. 21.) That response is well within the time limits proscribed in Rule 15 of the Federal Rules of Civil Procedure. Therefore, default is inappropriate.

**B.  Motion to Dismiss**

Defendant has moved to dismiss Plaintiff's entire Complaint pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, arguing insufficient process, insufficient service of process, and lack of personal jurisdiction. (Doc. No. 21.) In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), Plaintiff, who is not represented by counsel, has the right to respond to Defendant's Motion and carries a burden of proof in so responding.[1] Accordingly, this Notice and Order advises Plaintiff of the burden he carries in responding to Defendant's Motion. The Court also advises Plaintiff that failure to respond may result in dismissal of the Complaint or judgment entered in favor of Defendant.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 n.1 (4th Cir. 1994) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

The issue of personal jurisdiction is to be resolved by a judge with the burden on the plaintiff to show beyond a preponderance of the evidence that the court has justification for exercising jurisdiction. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). In sum, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. Id.

Here, Defendant argues there is no personal jurisdiction because process and attempted service of process on Defendant were insufficient as a matter of law. (Doc. No. 22.) The burden to prove that process has been executed in conformity with Rule 4 of the Federal Rules of Civil Procedure is on the plaintiff. Plant Genetic Systems v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996). However, "service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morell v. Nationwide Mut. Fire Ins. Co., 118 F.3d 218, 224 (4th Cir. 1999). "The provisions of Rule 4(d)(1) should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 2011). Plaintiff is hereby informed that Rule 4 provides, in relevant part:

> (a) Contents; Amendments.
>     (1) Contents. A summons must:
>         (A) name the court and the parties;
>         (B) be directed to the defendant;
>         (C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
>         (D) state the time within which the defendant must appear and defend;
>         (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
>         (F) be signed by the clerk; and
>         (G) bear the court's seal.
>     (2) Amendments. The court may permit a summons to be amended.

(b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

(c) Service.
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
> (3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

. . . .

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

. . . .

(l) Proving Service.
> (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
> . . . .
> (3) Validity of Service; Amending Proof. Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4. Plaintiff is hereby advised that it is his burden to show sufficient process and service of process under the above standards.

**C.  Deadline to Respond and to Perfect Service**

The Court recognizes Plaintiff's deadline to respond to Defendant's Motion to Dismiss has passed, and that Plaintiff has already filed one response. (Doc. No. 25.) However, in light of the principles outlined in Roseboro, the Court will allow Plaintiff additional time in which to file an additional Response to Defendant's Motion based on the standards detailed herein.

Plaintiff is advised he has up to and including January 31, 2025, to file any supplemental response and any supporting exhibits, affidavits, or sworn statements, to Defendant's Motion in light of the above standards. Plaintiff should not refile any materials already submitted to the Court. His response must be properly served on Defendant and must include a certificate of service indicating the manner in which he served Defendant. Defendant will have seven (7) days after the filing of any Response by Plaintiff to file an additional reply.

Further, for good cause shown and because ninety days have not yet elapsed from the date of filing of Plaintiff's Amended Complaint, the Court will GRANT Plaintiff's Motion for Extension of Time for Service. Plaintiff's Amended Complaint was filed November 21, 2024. (Doc. No. 18.) Under Federal Rule of Civil Procedure 4(m), Plaintiff must serve Defendant within ninety days of filing the complaint. Fed. R. Civ. P. 4(m). Therefore, his deadline to serve the Amended Complaint has not yet elapsed. To the extent Defendant argues Plaintiff must perfect

5

service within ninety days of the date of filing the initial complaint, the Court concludes good cause supports an extension in light of Plaintiff's amendment and his pro se status.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default, (Doc. No. 24), is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time for Service of Process, (Doc. No. 23), is GRANTED. Plaintiff must perfect service no later than February 19, 2025.

**IT IS FURTHER ORDERED** that Plaintiff may file a supplemental response in opposition to Defendant's Motion to Dismiss, (Doc. No. 21), no later than January 31, 2025. Defendant may file an additional reply no later than seven (7) days after Plaintiff files his supplemental response. Failure to file a timely and persuasive response could lead to the dismissal of Plaintiff's lawsuit against Defendant.

**IT IS SO ORDERED.**

Signed: January 16, 2025

Frank D. Whitney
Senior United States District Judge